# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:17-CV-06196 (VEB)

ROLANDO ORNELAS,

              Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

              Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In August of 2013, Plaintiff Rolando Ornelas applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by James P. Shea, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12). On April 25, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 18).

## II. BACKGROUND

Plaintiff applied for benefits on August 8, 2013, alleging disability beginning September 29, 2010. (T at 160).[1]  The application was denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On April 26, 2016, a hearing was held before ALJ Mary L. Everstine. (T at 57).  Plaintiff appeared with his attorney and testified. (T at 60-71).  The ALJ also received testimony from Kelly Bartlett, a vocational expert (T at 71-75).

On May 25, 2016, the ALJ issued a written decision denying the application for benefits.  (T at 18-36).  The ALJ's decision became the Commissioner's final decision on July 3, 2017, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

On August 21, 2017, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The

---

[1] Citations to ("T") refer to the transcript of the administrative record at Docket No. 16.

DECISION AND ORDER – ORNELAS v BERRYHILL 2:17-CV-06196-VEB

Commissioner interposed an Answer on January 24, 2018. (Docket No. 15). The parties filed a Joint Stipulation on April 19, 2018. (Docket No. 17).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

## III. DISCUSSION

### A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual

functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and

making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013 (the "date last insured"). (T at 23). The ALJ found that Plaintiff had not engaged in substantial gainful activity between the alleged onset date (September 29, 2010) and the date last insured. (T at 23).   The ALJ concluded that Plaintiff's multi-level disc bulges and stenosis (greatest at L3-4), status post L3-L5 laminectomy and decompression; residual progressive right foot drop; and obesity were "severe" impairments under the Act. (Tr. 23).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 24).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR § 416.967 (a), except that he would need a cane when walking; could not work at unprotected heights, climb

ladders, or operate hazardous moving machinery; and could occasionally climb stairs, balance, stoop, kneel, crouch, and crawl. (T at 24-25).

The ALJ found that, as of the date last insured, Plaintiff could not perform his past relevant work as a delivery driver or appliance assembler. (T at 30). However, considering Plaintiff's age (46 on the date last insured), education (at least high school), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 30).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from September 29, 2010 (the alleged onset date) through December 31, 2013 (the date last insured). (T at 31). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.    Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 17), Plaintiff offers three (3) arguments in support of his claim that the Commissioner's decision should be reversed. First, he contends that new and material evidence warrants a remand. Second, Plaintiff argues that the ALJ's Listings analysis was flawed. Third, Plaintiff

challenges the ALJ's credibility determination. This Court will address each argument in turn.

## IV. ANALYSIS

### A. New Evidence

The Appeals Council is required to consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b); see also § 416.1470(b). The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); see § 416.1470(b)."

In the Ninth Circuit, when the Appeals Council considers new evidence in the context of denying the claimant's request for review, the reviewing federal court must "consider the rulings of both the ALJ and the Appeals Council," and the record before the court includes the ALJ's decision and the new evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996).

Because the Appeals Council's decision to deny the claimant's request for review is not a "final decision" by the Commissioner, the federal courts have no jurisdiction to review it. Rather, the question presented in such cases is whether "the

ALJ's decision is supported by substantial evidence after taking into account the new evidence." *Acheson v. Astrue*, No. CV-09-304, 2011 U.S. Dist. LEXIS 25898, at *11 (E.D. Wash. Mar. 11, 2011); *see also Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011).

If the new evidence creates a reasonable possibility that it would change the outcome of the ALJ's decision, then remand is appropriate to allow the ALJ to consider the evidence. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

In the present case, Plaintiff provided the Appeals Council with a report from Dr. William Dillin, who performed an orthopedic consultation on December 2, 2013. (T at 263, Docket No. 17-1). The Appeals Council found that Dr. Dillin's report did not create a reasonably probability that it would change the outcome of the ALJ's decision. (T at 2).

This Court finds that the ALJ's decision is supported by substantial evidence after taking into account Dr. Dillin's report. Dr. Dillin did not assess any functional limitations or opine as to Plaintiff's disability status. Plaintiff contends that Dr. Dillin's examination findings support his argument that his impairments meet or medically equal §1.04 of the Listings. However, Dr. Dillin's findings were generally consistent with the evidence of record, which was thoroughly considered and discussed by the ALJ. For example, Dr. Dillin noted reduced muscle strength in

the right foot. (Docket No. 17-1, at p. 14). This finding is also contained in the record evidence reviewed by the ALJ. (T at 337, 358, 566, 665). While Dr. Dillin noted decreased sensation "at the L5 dermatome," (Docket No. 17-1, at p. 12), the record evidence considered by the ALJ also contained this finding (T at 860, 877, 884), along with other reports of normal sensation. (T at 337, 358, 366).

Moreover, as the one-time examination of a consulting physician, Dr. Dillin's report would need to be considered in the context of the overall medical record, which the ALJ carefully reviewed and thoroughly discussed. As such, even if there were aspects of the new report that were arguably different than the findings in the record evidence, that would not *ipso facto* undermine the ALJ's decision, which could otherwise be supported by substantial evidence already in the record.

As discussed further below, the ALJ's Listings analysis was supported by substantial evidence. There is no reasonable possibility that the ALJ would have reached a different conclusion if she had considered Dr. Dillin's report.

**B. Listings Analysis**

At step three of the sequential evaluation, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed in Appendix 1 of the Regulations (the "Listings"). *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets or equals a listed impairment, he or

she is "conclusively presumed to be disabled and entitled to benefits." *Bowen v. City of New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986); *see also Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *see also* 20 C.F.R. §§ 404.1525(a); 416.925(a).

An impairment meets a Listing if the impairment matches all of the medical criteria specified in the Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). An impairment or combination of impairments that satisfies some, but not all of the criteria, does not qualify. *Sullivan*, 493 U.S. at 530; *Tackett*, 180 F.3d at 1099.

The claimant bears the burden of proving that she has an impairment or combination of impairments that meets or equals the criteria of a listed impairment. To satisfy this burden, the claimant must offer medical findings equal in severity to all requirements, which findings must be supported by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 416.926(b).

If a claimant's impairment does not satisfy the Listings criteria, he or she may still be disabled if the impairment "equals" a listed impairment. 20 C.F.R. § 404.1520(d). Equivalence will be found if the medical findings are (at a minimum) equal in severity and duration to the Listed impairment. *Marcia v. Sullivan*, 900 F.2d 172, 175 (9th Cir. 1990). To determine medical equivalence, the Commissioner

compares the findings concerning the alleged impairment with the medical criteria of the listed impairment. 20 C.F.R. §§ 416.924(e), 416.926.

If a claimant has multiple impairments, the ALJ must determine "whether the combination of [the] impairments is medically equal to any listed impairment." 20 C.F.R. § 404.1526(a). The claimant's symptoms "must be considered in combination and must not be fragmentized in evaluating their effects." *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1996). "A finding of equivalence must be based on medical evidence only." *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001)(citing 20 C.F.R. § 1529(d)(3)).

"[I]n determining whether a claimant equals a listing under step three . . . the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments." *Marcia*, 900 F.2d at 176 (9th Cir. 1990). A remand may be required if ALJ fails adequately to consider a Listing that plausibly applies to the claimant's case. *See Lewis*, 236 F.3d at 514.

In the present case, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 24).  The ALJ gave specific consideration to Listing §1.04 (spine disorders). (T at 24).

Plaintiff argues that his right foot drop and need for a cane make him unable to ambulate over rough or uneven surfaces at a reasonable pace and, thus, Listing §1.04A should be deemed to be met or medically equaled.

To satisfy Listing §1.04, Plaintiff must establish (1) nerve root compression with nerve-related pain, (2) limited range of motion of the spine, (3) motor loss demonstrated by atrophy and weakness, (4) sensory and reflex loss accompanying the motor loss, and (5) positive straight leg raising tests seated and supine. 20 CFR Part 404, Subpart P. App. 1, at §1.04.

Here, the ALJ's conclusion that Plaintiff did not meet or medically equal Listing § 1.04 is supported by the record evidence, including the assessment of Dr. A. Nasrabadi, a State Agency review physician, who opined that Plaintiff did not meet or medically equal Listing §1.04. (T at 96-99). State Agency review physicians are highly qualified experts and their opinions, if supported by other record evidence, may constitute substantial evidence sufficient to support a decision to deny benefits. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

DECISION AND ORDER – ORNELAS v BERRYHILL 2:17-CV-06196-VEB

Dr. David Hoenig, a consulting physician, performed a comprehensive neurologic evaluation in February of 2014. Straight leg testing was negative in the seated and supine position. (T at 781). Dr. Hoenig opined that Plaintiff could perform work-related duties consistent with light work. (T at 782). Dr. Lokesh Tantuwaya performed a neurosurgical evaluation in March of 2015 and concluded that Plaintiff could perform sedentary work, with no lifting over 30 pounds and no prolonged standing. (T at 1038).

Plaintiff's primary argument is that he meets or equals Listing §1.04 because he cannot ambulate effectively. The ALJ did conclude that Plaintiff's ability to ambulate was limited by his need for a cane. (T at 24-25). However, Plaintiff's need for a cane does not constitute an inability to "ambulate effectively," as required to meet or medically equal the Listing. Indeed, the inability to walk without the use of "*two* canes" is provided as an example of inability to ambulate effectively. *See* Listing §1.00 (B)(2)(b)(2)(emphasis added).

The courts have consistently concluded that the inability to walk on uneven terrain and the need for a single-point cane does not establish ineffective ambulation. *See Ross v. Colvin*, No. CV 15-01203, 2016 U.S. Dist. LEXIS 24100, at *17-22 (C.D. Cal. Feb. 26, 2016); *Van Gilder v. Colvin*, No. CV 14-5909, 2016 U.S. Dist. LEXIS 1865, at *16-18 (C.D. Cal. Jan. 7, 2016). Thus, to satisfy the requirements of

the Listing, the claimant must show something more than the inability to ambulate perfectly, or the inability to ambulate without assistance. Rather, it requires an "extreme limitation of the ability to walk." Listing 1.00 (2)(b)(1). This Court finds no reversible error in the ALJ's Listings analysis, including with respect to Plaintiff's ability to ambulate effectively.

## C.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the

symptomatology alleged. *See* 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: He spends most of his time at home resting and lying down. (T at 65). His wife does most of the chores. (T at 65, 69). Pain medications cause drowsiness. (T at 62). He can attend to personal care activities, but needs to lie down 6-7 times a day for 30-45 minutes due to pain. (T at 69-70). He can sit for about 90 minutes at a time, but that varies due to pain. (T at 62-63). He can stand for 15-20 minutes and can lift 20 pounds. (T at 63).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 25).

This Court finds that the ALJ's credibility determination was supported by substantial evidence and consistent with applicable law. First, the ALJ noted that Plaintiff's subjective claims of disabling limitations were contradicted by the objective medical evidence. Dr. Hoenig opined that Plaintiff could perform work-related duties consistent with light work. (T at 782). Dr. Tantuwaya concluded that Plaintiff could perform sedentary work, with no lifting over 30 pounds and no prolonged standing. (T at 1038). Dr. Jon Greenfield, a consulting physician,

performed a workers' compensation examination, and opined that Plaintiff could perform light work. (T at 947)

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

In addition, the ALJ noted Plaintiff's activities of daily living and found them inconsistent with the level of limitation alleged.  For example, Dr. Tantuwaya reported that Plaintiff could attend to self-care, drive, perform light housework, and tolerate his pain without narcotic medication. (T at 1038).  He used public transportation to travel to medical appointments that were up to 90 minutes away. (T at 1038).

When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)).  Activities of daily living are a relevant consideration in assessing a

DECISION AND ORDER – ORNELAS v BERRYHILL 2:17-CV-06196-VEB

claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

There is no question that Plaintiff has significant medical conditions and lives with pain and limitation. However, the fact that a claimant suffers from pain, even significant pain, is not sufficient, without more, to justify an award of benefits. Rather, the pain must be so severe as to preclude gainful employment. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)("[M]any medical conditions produce pain not severe enough to preclude gainful employment. The Disability Insurance and Supplemental Security Income programs are intended to provide benefits to people who are unable to work; awarding benefits in cases of nondisabling pain would expand the class of recipients far beyond that contemplated by the statute."); *Curbow v. Colvin*, No. CV-14-8222, 2016 U.S. Dist. LEXIS 12147, *16 (D. Ariz. Feb. 1, 2016)("[D]isability requires more than mere inability to work without pain.").

DECISION AND ORDER – ORNELAS v BERRYHILL 2:17-CV-06196-VEB

For the reasons stated above, this Court finds that the ALJ's credibility determination is supported by substantial evidence and must be sustained. *See Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

## V.    CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

DECISION AND ORDER – ORNELAS v BERRYHILL 2:17-CV-06196-VEB

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 25th day of September, 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – ORNELAS v BERRYHILL 2:17-CV-06196-VEB